IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
- - - - - - - -

| | | |
|---|---|---|
| MAGNA ELECTRONICS INC. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:14-cv-00341 |
| v. | ) | |
| | ) | Hon. Paul Maloney |
| TRW AUTOMOTIVE HOLDINGS CORP.; | ) | |
| TRW AUTOMOTIVE US LLC; and | ) | THIRD AMENDED COMPLAINT |
| TRW VEHICLE SAFETY SYSTEMS INC. | ) | and JURY DEMAND |
| | ) | |
| | ) | |
| Defendants. | ) | |

THIRD AMENDED COMPLAINT

Magna Electronics Inc. hereby complains of TRW Automotive Holdings Corp., TRW

Automotive US LLC, and TRW Vehicle Safety Systems Inc. and alleges as follows:

THE PARTIES

1.      Magna Electronics Inc. is a corporation organized and existing under the laws of

the State of Delaware, registered to do business in the State of Michigan with a registered office

of 601 Abbott Road, East Lansing, MI 48823, a place of business at 2050 Auburn Road, Auburn

Hills, Michigan 48326, and is doing business in this District (hereinafter "Magna" or "Plaintiff").

2.      Defendant TRW Automotive Holdings Corp. ("TRW Holdings"), upon

information and belief, is a Delaware corporation registered to do business in the State of

Michigan, with a registered office at 601 Abbott Road, East Lansing, MI 48823, and

headquarters located in Michigan.  Upon information and belief, TRW Holdings does business

under various assumed names, including without limitation, TRW Automotive and TRW Global

Electronics.

3.     Defendant TRW Automotive US LLC ("TRW US"), upon information and belief, is a Delaware corporation registered to do business in the State of Michigan, with a registered office at 601 Abbott Road, East Lansing, MI 48823, and facilities located in the Western District of Michigan at 902 Lyons Road, Portland, MI 48875-1097.  Upon information and belief, TRW US does business under various assumed names, including without limitation, TRW Automotive and TRW Westminster.

4.     Defendant TRW Vehicle Safety Systems Inc. ("TRW Vehicle"), upon information and belief, is a Delaware corporation registered to do business in the State of Michigan, with a registered office at 601 Abbott Road, East Lansing, MI 48823.

5.     On information and belief Defendants TRW Holdings, TRW US, and TRW Vehicle are related companies.  On information and belief, TRW US and TRW Vehicle have all reported to TRW Holdings, either directly or indirectly, and are ultimately controlled by TRW Holdings.  (The defendants are hereinafter collectively referred to as "TRW," "Defendants TRW" or "Defendants.")

6.     Defendants TRW Holdings, TRW US, and TRW Vehicle, upon information and belief, are doing business within the State of Michigan and within the Western District of Michigan, and are engaged in continuous and systematic business within the Western District of Michigan, conduct and solicit business within this district and derive substantial revenue from the sales of their products and/or services within this district and elsewhere in Michigan, and including the commission of acts of infringement as hereinafter stated.

## JURISDICTION AND VENUE

7.     This action arises under the patent laws of the United States, Title 35 of the United States Code, §§1 et seq.  This action also arises under the Federal Declaratory Judgment

Act, Title 28 of the United States Code, §§ 2201 and 2202, for a declaration pursuant to the Patent Laws of the United States, 35 U.S.C. §§1 et seq.

8.     This Court has jurisdiction in this action under 28 U.S.C. §§1331 and 1338. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400.

BACKGROUND ALLEGATIONS

9.     On April 1, 2014, United States Letters Patent No. 8,686,840 was duly and legally issued to the predecessor in interest to Magna, as owner by assignment thereof, for an invention entitled "Accessory System for a Vehicle."  A true and correct copy of United States Patent No. 8,686,840 is attached hereto as Exhibit 1 (hereinafter the "'840 Patent").

10.     On April 8, 2014, United States Letters Patent No. 8,692,659 was duly and legally issued to the predecessor in interest to Magna, as owner by assignment thereof, for an invention entitled "Accessory Mounting System for Vehicle."  A true and correct copy of United States Patent No. 8,692,659 is attached hereto as Exhibit 2 (hereinafter the "'659 Patent").

11.     On April 29, 2014, United States Letters Patent No. 8,710,969 was duly and legally issued to Magna, as owner by assignment thereof, for an invention entitled "Accessory system for vehicle"  A true and correct copy of United States Patent No. 8,710,969 is attached hereto as Exhibit 3 (hereinafter the "'969 Patent").

12.     On June 10, 2014, United States Letters Patent No. 8,749,367 was duly and legally issued to Magna, as owner by assignment thereof, for an invention entitled "Driver Assistance System for a Vehicle"  A true and correct copy of United States Patent No. 8,749,367 is attached hereto as Exhibit 4 (hereinafter the "'367 Patent").

13.     Magna is the owner, by valid assignment, of all right, title, and interest in and to the '840, '659, '969 and '367 Patents, including the right to seek remedies and relief for past infringement thereof.

14.     Magna has provided Notice to Defendants TRW of the '840, '659, '969 and '367 Patents.  In addition, the filing and Notice of this action and the Complaint in this action provide actual notice to Defendants TRW of the '840, '659, '969 and '367 Patents.  Defendants have notice of the '840, '659, '969 and '367 Patents.

15.     An actual and justiciable controversy exists between Magna and Defendants TRW concerning whether the actions of Defendants TRW infringe, contributorily infringe and/or induce infringement of the asserted patent in suit, namely the '840, '659, '969 and '367 Patents.

16.     TRW has marketed, and upon information and belief have offered for sale and sold, vision-based vehicle driver assistance systems comprising accessory systems that include forward facing camera systems.  These accessory systems include forward facing camera systems that TRW refers to, for example, as a "TRW Scalable Camera" or "S-Cam" (hereinafter referred to as the "TRW S-Cam Accessory System"), and forward facing camera systems that TRW refers to by other designations such as, for example, TriCam.  (TRW's accessory systems including forward facing camera systems hereinafter collectively referred to as "TRW DAS Forward Camera Systems").  Upon information and belief, TRW DAS Forward Camera Systems include a forward facing camera unit that TRW has designed to be disposed (and has disposed, induced others to dispose and has contributed towards others disposing) as an accessory containing a forward facing camera at and behind, and viewing through, a windshield of an equipped vehicle.  The system includes a control that, upon information and belief, comprises digital circuitry and a microprocessor.  The control controls at least the forward facing camera.

Upon information and belief the control sends data to at least one other accessory or system of the equipped vehicle via a vehicle network that comprises a CAN protocol and/or receives data from at least one other accessory or system of the vehicle via the vehicle network.  Data is communicated via the vehicle network by a cable.

17.    TRW has marketed, and upon information and belief have offered for sale and sold, vision-based vehicle driver assistance systems comprising accessory mounting systems that include forward facing camera systems.  These accessory mounting systems include forward facing camera systems that TRW refers to, for example, as a "TRW Scalable Camera" or "S-Cam" or other designations such as TriCam (hereinafter referred to as the "TRW Forward Camera Accessory Mounting System").  TRW Forward Camera Accessory Mounting Systems include a mirror mounting button adhesively attached at an in-cabin surface of a windshield of an equipped vehicle, and a plurality of attachment members adhesively attached at the in-cabin surface of the vehicle windshield local to the mirror mounting button.  Such systems include an interior rearview mirror assembly (including a reflective element and casing as the mirror head, and a mirror support) with a mirror mount that is configured to mount the mirror assembly to the mirror button. Such systems include a structure configured to receive, mount to and be supported by the attachment members. Upon information and belief, TRW has configured the structure to accommodate TRW DAS Forward Camera Systems.  The structure is received and is supported by the attachment members and accommodates the TRW DAS Forward Camera System.  When the structure is accommodating the TRW DAS Forward Camera System, its field of view is through the vehicle windshield. With the structure received by and supported by the at least one attachment member, the mirror mount can be mounted to the mirror mounting button and can be demounted from the minor mounting button without demounting the structure from the at least

one attachment member. A light absorbing layer disposed at the vehicle windshield at least partially masks the presence of the at least one attachment member from view by a viewer who is viewing from outside the equipped vehicle through the vehicle windshield.

18.     TRW has marketed, and upon information and belief have offered for sale and sold, vision-based vehicular accessory systems that include forward facing camera systems. These accessory mounting systems include forward facing camera systems that TRW refers to as a "TRW Scalable Camera" or "S-Cam" or other designations such as TriCam (hereinafter referred to as the "TRW Forward Camera Vehicular Accessory System"). Upon information and belief, TRW Forward Camera Vehicular Accessory Systems include a TRW DAS Forward Camera System that TRW has designed to be disposed (and has disposed, induced others to dispose and has contributed towards others disposing) at a vehicle windshield. The windshield has an outer surface that is exterior of the vehicle when the windshield is mounted to an equipped vehicle and has an inner surface that is interior of the vehicle when the windshield is mounted to the equipped vehicle. The windshield is at a windshield angle relative to vertical when the windshield is mounted to the equipped vehicle. The windshield has a mounting element attached at its inner surface. The mounting element is adapted for mounting of an accessory module thereto and demounting of the accessory module therefrom. The accessory module is adapted for mounting to and demounting from the mounting element. The accessory module accommodates a camera that comprises a CMOS photosensor array and a lens. The CMOS photosensor array is accommodated at the accessory module separate from the said lens. The CMOS photosensor array is disposed on a circuit board. The accessory module is configured so that, when mounted to the mounting element attached at the windshield, the lens has a field of view through the windshield appropriate for a driver assistance system of the

equipped vehicle.  The driver assistance system comprises at least one of (i) a lane departure warning system of the equipped vehicle and (ii) an object detection system of the equipped vehicle.

19.     TRW has marketed, and upon information and belief have offered for sale and sold, vision-based vehicle driver assistance systems that include forward facing camera systems. These accessory mounting systems include forward facing camera systems that TRW refers to as a "TRW Scalable Camera" or "S-Cam" or other designations such as TriCam (hereinafter referred to as the "TRW Forward Camera Driver Assistance System").  Upon information and belief, TRW Forward Camera Driver Assistance Systems include a TRW DAS Forward Camera System that TRW has designed to be disposed (and has disposed, induced others to dispose and has contributed towards others disposing) at a vehicle windshield.  An attachment element is attached at the in-cabin surface of the windshield of the vehicle equipped with the TRW Forward Camera Driver Assistance System.  The attachment element comprises a mirror mounting element.  An interior rearview mirror assembly [that comprises a mirror head (that comprises a mirror reflective element and a mirror casing)] comprises a mirror support that comprises a mirror mount that is configured to mount the interior rearview mirror assembly to the mirror mounting element.  A structure is attached at the vehicle windshield local to the attachment element.   The structure accommodates a forward facing camera.  With the structure attached at the vehicle windshield, the forward facing camera views through the vehicle windshield.  The forward facing camera comprises a component of at least one of (i) an automatic headlamp control system of the equipped vehicle and (ii) a collision avoidance system of the equipped vehicle.

7

20.     Upon information and belief, TRW has installed and utilizes TRW DAS Forward Camera System and TRW Forward Camera Accessory Mounting Systems and TRW Forward Camera Vehicular Accessory Systems and TRW Forward Camera Driver Assistance Systems in one or more vehicles to develop and establish the operability of TRW DAS Forward Camera System and TRW Forward Camera Accessory Mounting Systems and TRW Forward Camera Vehicular Accessory Systems and TRW Forward Camera Driver Assistance Systems, and for purposes of offering for sale and sale of TRW DAS Forward Camera System, TRW Forward Camera Accessory Mounting Systems and TRW Forward Camera Vehicular Accessory Systems and TRW Forward Camera Driver Assistance Systems, including systems comprising TRW's S-Cam 4, TriCam, and S-Cams prior to S-Cam 4, such as S-Cam 3 and S-Cam 2.  Upon information and belief, at least one customer of TRW has entered into an agreement with TRW to purchase TRW DAS Forward Camera System, TRW Forward Camera Accessory Mounting Systems and TRW Forward Camera Vehicular Accessory Systems and TRW Forward Camera Driver Assistance Systems adapted to vehicles of said customer, and said customer has installed one or more TRW DAS Forward Camera System, TRW Forward Camera Accessory Mounting Systems and TRW Forward Camera Vehicular Accessory Systems and TRW Forward Camera Driver Assistance Systems into vehicles and tested systems for purposes of engaging in sales to end users of vehicles equipped with TRW DAS Forward Camera System, TRW Forward Camera Accessory Mounting Systems and TRW Forward Camera Vehicular Accessory Systems and TRW Forward Camera Driver Assistance Systems, such customer including for example and without limitation, General Motors Corp. for its K2xx vehicles, including for example and without limitation 2015 Cadillac Escalade vehicles, such customer including for example and without limitation, Chrysler Corporation for its vehicles, including for example and without

limitation Jeep Grand Cherokee and Jeep Cherokee vehicles. Regarding TRW S-Cam 3, upon information and belief at least one customer of TRW (such as General Motors Corp.) has entered into an agreement with TRW to purchase TRW's S-Cam 3. Upon information and belief, TRW DAS Forward Camera System, TRW Forward Camera Accessory Mounting Systems and TRW Forward Camera Vehicular Accessory Systems and TRW Forward Camera Driver Assistance Systems utilizing S-Cam 3 have been installed into vehicles and been tested in vehicles (such as, by way of example and without limitation, for General Motors Corp. for its program designated O2xx/E2xx/C1xx). Upon information and belief, TRW has continued, including continuing after notice, with the use of TRW DAS Forward Camera System, TRW Forward Camera Accessory Mounting Systems and TRW Forward Camera Vehicular Accessory Systems and TRW Forward Camera Driver Assistance Systems, delivery of TRW DAS Forward Camera System, TRW Forward Camera Accessory Mounting Systems and TRW Forward Camera Vehicular Accessory Systems and TRW Forward Camera Driver Assistance Systems, and in the making of offers for sale of TRW DAS Forward Camera System, TRW Forward Camera Accessory Mounting Systems and TRW Forward Camera Vehicular Accessory Systems and TRW Forward Camera Driver Assistance Systems to automobile manufacturers.

21. Upon information and belief, TRW has solicited and obtained business with Hyundai-Kia Motors Corporation ("HKMC") to supply TRW DAS Forward Camera Systems. HKMC manufactures vehicles in Montgomery, Alabama, and imports vehicles into the United States. Upon information and belief, TRW has solicited and obtained business with Nissan to supply TRW DAS Forward Camera Systems. Nissan manufactures vehicles in Tennessee and Mississippi, and imports vehicles into the United States. Upon information and belief, TRW has solicited and obtained business beginning in 2018 for supplying its TRW DAS Forward Camera

Systems to BMW AG ("BMW"), including TRW S-Cam 4 Systems and Tri-Cam Systems.

BMW manufactures its X3 Sports Activity Vehicle, X4 Sports Activity Coupe, X5 Sports

Activity Vehicle, X5M Sports Activity Vehicle, X6 Sports Activity Coupe and the X6 M Sports

Activity Vehicle at Spartanburg, South Carolina, and imports numerous other vehicles into the

United States.

<u>COUNT I</u>
<u>Infringement of United States Patent No. 8,686,840</u>

22.      Plaintiff incorporates and reasserts paragraphs 1-20 herein by reference.

23.      Defendants TRW have, on information and belief, in the past been and still are

infringing United States Letters Patent 8,686,840 by making, importing, using, selling, and/or

offering for sale in and to the United States products incorporating Accessory Systems for a

Vehicle embodying the patented invention of the '840 Patent.  Upon information and belief

Defendants TRW have individually and jointly combined to engage in acts of direct infringement

by themselves and through agents acting in combination, such agents including for example and

without limitation, General Motors Corp. for its K2xx vehicles, including for example and

without limitation the 2014 Silverado and 2014 Sierra vehicles, Chrysler, including for example

and without limitation its Grand Cherokee and Cherokee vehicles, as well as HKMC, Nissan,

and BMW vehicles, and regarding the TRW S-Cam 3, such agents including for example and

without limitation, General Motors Corp. for its program designation O2xx/E2xx/C1xx vehicles.

24.      Upon information and belief, with knowledge and/or reckless disregard

amounting to knowledge of the infringement by the aforesaid products of the '840 Patent,

Defendants have provided Accessory Systems for a Vehicle to at least one third party for use in

infringement of the '840 Patent, such third parties including for example and without limitation,

General Motors Corp. for its K2xx vehicles, including for example and without limitation the 2014 Silverado and 2014 Sierra vehicles, Chrysler, including for example and without limitation its Grand Cherokee and Cherokee vehicles, as well as HKMC, Nissan, and BMW vehicles, and regarding the TRW S-Cam 3 such third parties including for example and without limitation, General Motors Corp. for its program designation O2xx/E2xx/C1xx vehicles. Use by third parties of the aforesaid Accessory Systems for a Vehicle obtained from or through Defendants TRW, upon information and belief, infringes the '840 Patent. The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 8,686,840, such induced infringement including for example and without limitation that of General Motors Corp. on its K2xx vehicles, including for example and without limitation on the 2014 Silverado and 2014 Sierra vehicles, Chrysler, including for example and without limitation its Grand Cherokee and Cherokee vehicles, as well as HKMC, Nissan, and BMW vehicles, and regarding the TRW S-Cam 3 such induced infringement including for example and without limitation that of General Motors Corp. for its program designation O2xx/E2xx/C1xx vehicles.

25. Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell Accessory Systems for a Vehicle and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said Accessory Systems for a Vehicle and/or components thereof constitute a material part of the invention of the '840 Patent and that are specially made or specially adapted for use in the infringement of the '840 Patent, and said Accessory Systems for a Vehicle and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use. The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 8,686,840, including for example and without limitation contributory infringement by Accessory Systems

for a Vehicle and/or components thereof provided to and used by General Motors Corp. for its K2xx vehicles, including for example and without limitation on the 2014 Silverado and 2014 Sierra vehicles, Chrysler, including for example and without limitation its Grand Cherokee and Cherokee vehicles, as well as HKMC, Nissan, and BMW vehicles, and regarding the TRW S-Cam 3 including for example and without limitation contributory infringement by Accessory Systems for a Vehicle and/or components thereof offers to and provided to and used by General Motors Corp. for its program designation O2xx/E2xx/C1xx vehicles.

26.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

27.     Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '840 Patent unless enjoined by this Court.

28.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

29.     Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

30.     Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

31.     In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '840 Patent.

<u>COUNT II</u>
<u>Infringement of United States Patent No. 8,692,659</u>

32.     Plaintiff incorporates and reasserts paragraphs 1-30 herein by reference.

33.     Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 8,692,659 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating Accessory Mounting Systems for Vehicle embodying the patented invention of the '659 Patent.  Upon information and belief Defendants TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination, such agents including for example and without limitation, General Motors Corp. for its K2xx vehicles, including for example and without limitation the 2014 Silverado and 2014 Sierra vehicles, and regarding the TRW S-Cam 3, such agents including for example and without limitation, General Motors Corp. for its program designation O2xx/E2xx/C1xx vehicles.

34.     Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '659 Patent, Defendants have provided Accessory Mounting Systems for Vehicle to at least one third party for use in infringement of the '659 Patent, such third parties including for example and without limitation, General Motors Corp. for its K2xx vehicles, including for example and without limitation the 2014 Silverado and 2014 Sierra vehicles, and regarding the TRW S-Cam 3 such third parties including for example and without limitation, General Motors Corp. for its program designation O2xx/E2xx/C1xx vehicles.  Use by third parties of the aforesaid Accessory Mounting Systems for Vehicle obtained from or through Defendants TRW, upon information and belief, infringes the '659 Patent.  The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 8,692,659, such induced infringement including

13

for example and without limitation that of General Motors Corp. on its K2xx vehicles, including for example and without limitation on the 2014 Silverado and 2014 Sierra vehicles, and regarding the TRW S-Cam 3 such induced infringement including for example and without limitation that of General Motors Corp. for its program designation O2xx/E2xx/C1xx vehicles.

35.    Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell Accessory Mounting Systems for Vehicle and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said Accessory Mounting Systems for Vehicle and/or components thereof constitute a material part of the invention of the '659 Patent and that are specially made or specially adapted for use in the infringement of the '659 Patent, and said Accessory Mounting Systems for Vehicle and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use.  The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 8,692,659, including for example and without limitation contributory infringement by Accessory Mounting Systems for Vehicle and/or components thereof provided to and used by General Motors Corp. for its K2xx vehicles, including for example and without limitation on the 2014 Silverado and 2014 Sierra vehicles, and regarding the TRW S-Cam 3 including for example and without limitation contributory infringement by Accessory Mounting Systems for Vehicle and/or components thereof offers to and provided to and used by General Motors Corp. for its program designation O2xx/E2xx/C1xx vehicles.

36.    Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

37.     Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '659 Patent unless enjoined by this Court.

38.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

39.     Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

40.     Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

41.     In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '659 Patent.


COUNT III
Infringement of United States Patent No. 8,710,969

42.     Plaintiff incorporates and reasserts paragraphs 1-40 herein by reference.

43.     Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 8,710,969 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating Accessory Systems for Vehicles embodying the patented invention of the '969 Patent.  Upon information and belief Defendants TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination, such agents including for example and without limitation, General Motors Corp. for its K2xx vehicles, including for example and

without limitation the 2014 Silverado and 2014 Sierra vehicles, Chrysler Corporation for its vehicles, including for example and without limitation Jeep Grand Cherokee and Jeep Cherokee vehicles, as well HKMC, Nissan, and BMW vehicles, and regarding the TRW S-Cam 3, such agents including for example and without limitation, General Motors Corp. for its program designation O2xx/E2xx/C1xx vehicles.

44.     Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '969 Patent, Defendants have provided Accessory Systems for Vehicles to at least one third party for use in infringement of the '969 Patent, such third parties including for example and without limitation, General Motors Corp. for its K2xx vehicles, including for example and without limitation the 2014 Silverado and 2014 Sierra vehicles, Chrysler Corporation for its vehicles, including for example and without limitation Jeep Grand Cherokee and Jeep Cherokee vehicles, as well as HKMC, Nissan, and BMW vehicles, and regarding the TRW S-Cam 3 such third parties including for example and without limitation, General Motors Corp. for its program designation O2xx/E2xx/C1xx vehicles.  Use by third parties of the aforesaid Accessory Systems for Vehicles obtained from or through Defendants TRW, upon information and belief, infringes the '969 Patent.  The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 8,710,969, such induced infringement including for example and without limitation that of General Motors Corp. on its K2xx vehicles, including for example and without limitation on the 2014 Silverado and 2014 Sierra vehicles, that of Chrysler Corporation for its vehicles, including for example and without limitation Jeep Grand Cherokee and Jeep Cherokee vehicles, as well as HKMC, Nissan, and BMW vehicles, and regarding the TRW S-Cam 3 such

induced infringement including for example and without limitation that of General Motors Corp. for its program designation O2xx/E2xx/C1xx vehicles.

45.     Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell Accessory Systems for Vehicles and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said Accessory Systems for Vehicles and/or components thereof constitute a material part of the invention of the '969 Patent and that are specially made or specially adapted for use in the infringement of the '969 Patent, and said Accessory Systems for Vehicles and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use.  The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 8,710,969, including for example and without limitation contributory infringement by Accessory Systems for Vehicles and/or components thereof provided to and used by General Motors Corp. for its K2xx vehicles, including for example and without limitation on the 2014 Silverado and 2014 Sierra vehicles, provided to and used by Chrysler Corporation for its vehicles, including for example and without limitation Jeep Grand Cherokee and Jeep Cherokee vehicles, as well as HKMC, Nissan, and BMW vehicles, and regarding the TRW S-Cam 3 including for example and without limitation contributory infringement by Accessory Systems for Vehicles and/or components thereof offers to and provided to and used by General Motors Corp. for its program designation O2xx/E2xx/C1xx vehicles.

46.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

47.     Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '969 Patent unless enjoined by this Court.

48.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

49.     Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

50.     Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

51.     In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '969 Patent.


<u>COUNT IV</u>
<u>Infringement of United States Patent No. 8,749,367</u>

52.     Plaintiff incorporates and reasserts paragraphs 1-50 herein by reference.

53.     Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 8,749,367 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating Driver Assistance Systems for a Vehicle embodying the patented invention of the '367 Patent.  Upon information and belief Defendants TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination, such agents including for example and without limitation, General Motors Corp. for its K2xx vehicles, including for example and

without limitation the 2015 Cadillac Escalade vehicles, Chrysler, including for example and without limitation its Grand Cherokee and Cherokee vehicles, as well as HKMC, Nissan, and BMW vehicles, and regarding the TRW S-Cam 3, such agents including for example and without limitation, General Motors Corp. for its program designation O2xx/E2xx/C1xx vehicles.

54. Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '367 Patent, Defendants have provided Driver Assistance Systems for a Vehicle to at least one third party for use in infringement of the '367 Patent, such third parties including for example and without limitation, General Motors Corp. for its K2xx vehicles, including for example and without limitation the 2015 Cadillac Escalade vehicles, Chrysler, including for example and without limitation its Grand Cherokee and Cherokee vehicles, as well as HKMC, Nissan, and BMW vehicles, and regarding the TRW S-Cam 3 such third parties including for example and without limitation, General Motors Corp. for its program designation O2xx/E2xx/C1xx vehicles. Use by third parties of the aforesaid Driver Assistance Systems for a Vehicle obtained from or through Defendants TRW, upon information and belief, infringes the '367 Patent. The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 8,749,367, such induced infringement including for example and without limitation that of General Motors Corp. on its K2xx vehicles, including for example and without limitation on the 2015 Cadillac Escalade vehicles, Chrysler, including for example and without limitation its Grand Cherokee and Cherokee vehicles, as well as HKMC, Nissan, and BMW vehicles, and regarding the TRW S-Cam 3 such induced infringement including for example and without limitation that of General Motors Corp. for its program designation O2xx/E2xx/C1xx vehicles.

55.     Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell Driver Assistance Systems for a Vehicle and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said Driver Assistance Systems for a Vehicle and/or components thereof constitute a material part of the invention of the '367 Patent and that are specially made or specially adapted for use in the infringement of the '367 Patent, and said Driver Assistance Systems for a Vehicle and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use.  The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 8,749,367, including for example and without limitation contributory infringement by Driver Assistance Systems for a Vehicle and/or components thereof provided to and used by General Motors Corp. for its K2xx vehicles, including for example and without limitation on the 2015 Cadillac Escalade vehicles, Chrysler, including for example and without limitation its Grand Cherokee and Cherokee vehicles, as well as HKMC, Nissan, and BMW vehicles, and regarding the TRW S-Cam 3 including for example and without limitation contributory infringement by Driver Assistance Systems for a Vehicle and/or components thereof offers to and provided to and used by General Motors Corp. for its program designation O2xx/E2xx/C1xx vehicles.

56.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

57.     Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '367 Patent unless enjoined by this Court.

58.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

59.     Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

60.     Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

61.     In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '367 Patent.

WHEREFORE, Plaintiff Magna demands that judgment be entered in its favor against Defendants TRW, as follows:

A.     Entering an order determining and/or declaring that Defendants TRW, and each of them, infringe, contributorily infringe and induce infringement of the '840, '659, '969 and '367 Patents.

B.     Permanently enjoining Defendants TRW, their officers, agents, servants, employees, attorneys, and all those persons in privity or in active concert or participation with them, and each of them, from further manufacture, importation, sale, offer for sale, and/or use of an apparatus which infringes, contributorily infringes, or induces infringement of the '840, '659, '969 and/or '367 Patents.

C.      Permanently enjoining Defendants TRW, their officers, agents, servants, employees, attorneys, and all those persons in privity or in active concert or participation with it, and each of them, from further acts of infringement of the '840, '659, '969 and/or '367 Patents.

D.      Ordering an accounting.

E.      Awarding damages adequate to compensate Plaintiff for Defendants' infringement, contributory infringement, and inducement of infringement of the '840, '659, '969 and/or '367 Patents.

F.      Increasing the damages up to three times the amount found or assessed for Defendants' willful acts of infringement.

G.      Awarding prejudgment interest and costs.

H.      Finding this to be an exceptional case and awarding reasonable attorney's fees to Plaintiff.

I.      Such other and further relief as is necessary and appropriate.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury of all issues triable by jury in this action.


Dated: July 6, 2014

/s/ Terence J. Linn
Terence J. Linn (P-33449)
Karl T. Ondersma (P-68028)
Gardner, Linn, Burkhart & Flory, LLP
2851 Charlevoix Drive SE, Suite 207
Grand Rapids, Michigan 49546
(616) 975-5500
linn@glbf.com
ondersma@glbf.com
Attorneys for Plaintiff Magna Electronics Inc.